# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
UNITED SPECIALTY INSURANCE COMPANY, INC.
and MITSUI SUMITOMO INSURANCE COMPANY
OF AMERICA,

                                      Plaintiffs,

       -against-

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY and ILLINOIS NATIONAL INSURANCE
COMPANY,

                                      Defendants.
-----------------------------------------------------------------------X

Index No.:

Basis of Venue: NY Ins. Law
§ 108; Defendants' offices in
New York

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon all parties an answer to the annexed Complaint of Plaintiffs, which is hereby served upon you, within twenty (20) days after service thereof, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York.

- 2 -

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Date: New York, New York
October 29, 2019

        (Pursuant to Rule 130-1.1-a)
        STONBERG MORAN, LLP
        Attorneys for Plaintiffs
        UNITED SPECIALTY INSURANCE
        COMPANY and MITSUI SUMITOMO
        INSURANCE COMPANY OF AMERICA

        By: _____/s/ Sherri Pavloff_____
            Sherri N. Pavloff
        505 Eighth Avenue, Suite 2302
        New York, New York   10018
        (212) 231-2220
        File No.: 40072

TO:

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY
c/o New York State Department of Insurance

ILLINOIS NATIONAL INSURANCE
COMPANY
c/o New York State Department of Insurance

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
UNITED SPECIALTY INSURANCE COMPANY, INC.
and MITSUI SUMITOMO INSURANCE COMPANY          Index No.:
OF AMERICA,

                     Plaintiffs,                **VERIFIED COMPLAINT**

   -against-

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY and ILLINOIS NATIONAL INSURANCE
COMPANY,

                     Defendants.
------------------------------------------------------------------------X

       Plaintiffs, UNITED SPECIALTY INSURANCE COMPANY, INC. ("USIC") and MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA ("Mitsui"), by its attorneys, STONBERG MORAN, LLP, as and for its Complaint against the defendants ACE PROPERTY AND CASUALTY COMPANY ("ACE") and ILLINOIS NATIONAL INSURANCE COMPANY ("ILU"), allege the following:

### PARTIES/JURISDICTION

1.    USIC is a Delaware corporation with its principal place of business in Texas.

2.    USIC is eligible as an excess and surplus lines insurer to issue insurance policies in New York.

3.    Mitsui is a New York corporation with its principal place of business in New Jersey.

4.    Mitsui is licensed to issue insurance policies in New York.

5.    ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania.

6.    ACE maintains an office in New York, New York.

7. ACE is licensed to issue insurance policies in the New York.

8. ILU is an Illinois corporation with its principal place of business in Illinois.

9. ILU is eligible as an excess and surplus lines insurer to issue insurance policies in New York.

10. ILU maintains an office in New York, New York.

11. ACE and ILU are owned by the same corporate parent.

### THE ACCIDENT AND UNDERLYING LAWSUIT

12. On April 25, 2018, Oscar Canales ("Canales") was allegedly injured while employed by AV Group Company LLC ("AV") (the "Accident").

13. Following the Accident, Canales filed a suit against BE Bronx Builders, LLC ("BE") and CM Water Group, LLC ("CM") (the "Suit").

### INSURANCE POLICIES

14. USIC issued a policy of insurance to BE, policy PSS 1700166, effective May 23, 2017 to May 23, 2018 (the "USIC Policy").

15. The USIC Policy was in effect at the time of the Accident.

16. The USIC Policy provides coverage to BE for the Suit.

17. The USIC Policy provides coverage to CM for the Suit.

18. Mitsui issued a policy of insurance to BE, policy MSX 1700004, effective May 23, 2017 to May 23, 2018 ("Mitsui Policy").

19. The Mitsui Policy was in effect at the time of the Accident.

20. The Mitsui Policy provides coverage to BE for the Suit.

21. The Mitsui Policy provides coverage to CM for the Suit.

22. ACE issued a policy of insurance to AV, policy UMBNYG280810171-003, effective January 11, 2018, to January 11, 2019 (the "ACE Policy").

23. The ACE Policy was in effect at the time of the Accident.

24. The ACE Policy provides coverage to AV for the Suit.

25. The ACE Policy provides additional insured coverage to BE for the Suit.

26. The ACE Policy provides additional insured coverage to CM for the Suit.

27. ILU issued a policy of insurance to AV, policy CONNYG280836104-003, effective January 11, 2018 to January 11, 2019 (the "ILU Policy").

28. The ILU Policy was in effect at the time of the Accident.

29. The ILU Policy provides coverage to AV for the Suit.

30. The ILU Policy provides additional insured coverage to BE for the Suit.

31. The ILU Policy provides additional insured coverage to CM for the Suit.

32. Chubb North America Claims is managing the claims made on both the ILU Policy and the ACE Policy for the Suit.

## THE CONTRACT

33. On or about July 19, 2017, BE entered into a contract with AV for AV to perform electrical work at a project located at 5959 Broadway, Bronx, NY (the "Contract").

34. The Contract required that AV maintain primary insurance in the amount of $1 million per occurrence and umbrella insurance in the amount of $2 million per occurrence.

35. The Contract required that the insurance AV was required to maintain provide additional insured coverage to CM and BE on a primary and non-contributory basis.

3

## TENDERS AND RESPONSES

36. By way of a letter dated October 26, 2018, USIC, on behalf of BE and CM, tendered a request to ACE that it provide additional insured coverage to, defend, and indemnify BE and CM for the Accident and in the Suit on a primary and non-contributory basis.

37. By way of a letter dated October 26, 2018, USIC, on behalf of BE and CM, tendered a request to ILU that it provide additional insured coverage to and indemnify BE and CM for the Accident and in the Suit on a primary and non-contributory basis.

38. By way of an email dated January 4, 2019, ACE, through Chubb North America Claims, agreed to defend and indemnify BE and CM on a primary and non-contributory basis for the Accident and the Suit.

39. By way of that same email, ILU, through Chubb North America Claims, asserted that the next layer of coverage for BE and CM was the USIC Policy.

40. By way of that same email, ILU, through Chubb North America Claims, asserted that its policy would then share equally with the Mitsui Policy as the third layer of coverage.

41. Based upon ILU's coverage position, USIC and Mitsui demanded that ACE pay for the institution of a third-party action against AV.

42. ACE, through Chubb North America Claims, refused to pay for said third party action.

43. ACE, through Chubb North America Claims, advised that if USIC and Mitsui would like the third-party action filed, that USIC must pay for the institution of said suit.

## AS AND FOR A FIRST CAUSE OF ACTION

44. USIC and Mitsui repeat, reiterate, and reallege each and every allegation set forth in paragraphs "1" through "43" as though fully set forth therein.

4

45. ACE, as the first level primary insurer for BE and CM, has a fiduciary obligation to USIC.

46. ACE, as the first level primary insurer for BE and CM, has a fiduciary obligation to Mitsui.

47. ACE, as the first level primary insurer for BE and CM, has a duty to act in good faith towards USIC.

48. ACE, as the first level primary insurer for BE and CM, has a duty to act in good faith towards Mitsui.

49. By way of its agreement to defend, indemnify and provide additional insured coverage to BE and CM on a primary and non-contributory basis, ACE is obligated to pay for and prosecute a third-party action against AV.

50. ACE's refusal to pay for and prosecute that third-party suit places its and ILU's interests above the interests of USIC.

51. ACE's refusal to pay for and prosecute that third-party suit places its and ILU's interests above the interests of Mitsui.

52. ACE's refusal to pay for and prosecute that third-party suit violates its fiduciary obligation to USIC.

53. ACE's refusal to pay for and prosecute that third-party suit violates its and ILU's fiduciary obligation to Mitsui.

54. ACE's refusal to pay for and prosecute that third-party suit is bad faith.

55. As a result, a justiciable controversy exists between ACE and ILU on the one hand and USIC and Mitsui on the other hand, concerning ACE's obligations to USIC and Mitsui.

56. USIC and Mitsui have no adequate remedy at law.

57. USIC and Mitsui therefore respectfully request that this Court render a declaratory judgment pursuant to CPLR § 3001, declaring that ACE must pay for and prosecute a third party action against AV in the Suit.

## AS AND FOR A SECOND CAUSE OF ACTION

58. USIC and Mitsui repeat, reiterate, and reallege each and every allegation set forth in paragraphs "1" through 57" as though fully set forth therein.

59. ACE's refusal to pay for and prosecute a third party action against AV in the Suit damages USIC and Mitusi.

60. ACE's refusal to pay for and prosecute a third party action against AV has resulted in money spent by USIC to prosecute said cause of action.

61. ACE's refusal to pay for and prosecute a third party action against AV exposes the USIC and Mitsui policies.

62. USIC and Mitsui are entitled to damages from ACE arising out of ACE's bad faith.

*WHEREFORE*, UNITED SPECIALTY INSURANCE COMPANY, INC. and MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA demand judgment on their causes of action and money damages, together with costs, disbursements, attorneys' fees and interest, and such other and further relief as this Court may deem just and proper.

Date: New York, New York
October 29, 2019

        (Pursuant to Rule 130-1.1-a)
        STONBERG MORAN, LLP
        Attorneys for Plaintiffs
        UNITED SPECIALTY INSURANCE
        COMPANY and MITSUI SUMITOMO
        INSURANCE COMPANY OF AMERICA

By: _____Sherri Pavloff_____
        Sherri N. Pavloff
        505 Eighth Avenue, Suite 2302
        New York, New York 10018
        (212) 231-2220
        File No.: 40072

TO:

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY
c/o New York State Department of Insurance

ILLINOIS NATIONAL INSURANCE
COMPANY
c/o New York State Department of Insurance

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
UNITED SPECIALTY INSURANCE COMPANY, INC.
and MITSUI SUMITOMO INSURANCE COMPANY
OF AMERICA

                                    Plaintiff,

-against-

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY and ILLINOIS NATIONAL INSURANCE
COMPANY

                                    Defendants.
-------------------------------------------------------------------------x

Index No.: 656337/2019

NOTICE OF
DISCONTINUANCE
WITHOUT PREJUDICE

      **PLEASE TAKE NOTICE** that the undersigned counsel Plaintiffs, UNITED SPECIALTY INSURANCE COMPANY, INC. and MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, hereby affirms that the above-entitled action is discontinued only as to Defendant, ILLINOIS NATIONAL INSURANCE COMPANY, without prejudice and without costs to any party as against the other.

      Facsimile and/or electronic signatures shall have the same force and effect as originals thereof and this stipulation may be filed with the Clerk of the Court without further notice to any party hereto.

Dated: New York, New York
       December 2, 2019

_____
Sherri N. Pavloff, Esq.
STONBERG MORAN, LLP
Attorneys for Plaintiffs
505 Eighth Avenue, Suite 2302
New York, New York 10018
(212) 231-2220
Our File No.: 40072

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
UNITED SPECIALTY INSURANCE COMPANY, INC.
and MITSUI SUMITOMO INSURANCE COMPANY
OF AMERICA,

                        Plaintiffs,

    -against-

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY, ILLINOIS NATIONAL INSURANCE
COMPANY, and ILLINOIS UNION INSURANCE
COMPANY,

                        Defendants.
-----------------------------------------------------------------------X

Index No.: 656337/2019

Basis of Venue: NY Ins. Law
§ 108; Defendants' offices in
New York

**AMENDED SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon all parties an answer to the annexed Complaint of Plaintiffs, which is hereby served upon you, within twenty (20) days after service thereof, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York.

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Date:   New York, New York
        December 2, 2019

(Pursuant to Rule 130-1.1-a)
STONBERG MORAN, LLP
Attorneys for Plaintiffs
UNITED SPECIALTY INSURANCE
COMPANY and MITSUI SUMITOMO
INSURANCE COMPANY OF AMERICA

By: *Sherri Pavloff*
Sherri N. Pavloff
505 Eighth Avenue, Suite 2302
New York, New York   10018
(212) 231-2220
File No.: 40072

TO:

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY
c/o New York State Department of Insurance

ILLINOIS UNION INSURANCE COMPANY
c/o New York State Department of Insurance

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
UNITED SPECIALTY INSURANCE COMPANY, INC.
and MITSUI SUMITOMO INSURANCE COMPANY
OF AMERICA,

Index No.: 656337/2019

Plaintiffs,

**AMENDED COMPLAINT**

-against-

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY, ILLINOIS NATIONAL INSURANCE
COMPANY, and ILLINOIS UNION INSURANCE
COMPANY,

Defendants.
------------------------------------------------------------------X

Plaintiffs, UNITED SPECIALTY INSURANCE COMPANY, INC. ("USIC") and MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA ("Mitsui"), by their attorneys, STONBERG MORAN, LLP, as and for their Complaint against the defendants ACE PROPERTY AND CASUALTY COMPANY ("ACE") and ILLINOIS UNION INSURANCE COMPANY ("ILU"), allege the following:

### PARTIES/JURISDICTION

1. USIC is a Delaware corporation with its principal place of business in Texas.

2. USIC is eligible as an excess and surplus lines insurer to issue insurance policies in New York.

3. Mitsui is a New York corporation with its principal place of business in New Jersey.

4. Mitsui is licensed to issue insurance policies in New York.

5. ACE is a Pennsylvania corporation with its principal place of business in Pennsylvania.

6. ACE maintains an office in New York, New York.

7. ACE is licensed to issue insurance policies in the New York.

8. ILU is an Illinois corporation with its principal place of business in Illinois.

9. ILU is eligible as an excess and surplus lines insurer to issue insurance policies in New York.

10. ILU maintains an office in New York, New York.

11. ACE and ILU are owned by the same corporate parent.

### THE ACCIDENT AND UNDERLYING LAWSUIT

12. On April 25, 2018, Oscar Canales ("Canales") was allegedly injured while employed by AV Group Company LLC ("AV") (the "Accident").

13. Following the Accident, Canales filed a suit against BE Bronx Builders, LLC ("BE") and CM Water Group, LLC ("CM") (the "Suit").

### INSURANCE POLICIES

14. USIC issued a policy of insurance to BE, policy PSS 1700166, effective May 23, 2017 to May 23, 2018 (the "USIC Policy").

15. The USIC Policy was in effect at the time of the Accident.

16. The USIC Policy provides coverage to BE for the Suit.

17. The USIC Policy provides coverage to CM for the Suit.

18. Mitsui issued a policy of insurance to BE, policy MSX 1700004, effective May 23, 2017 to May 23, 2018 ("Mitsui Policy").

19. The Mitsui Policy was in effect at the time of the Accident.

20. The Mitsui Policy provides coverage to BE for the Suit.

21. The Mitsui Policy provides coverage to CM for the Suit.

22. ACE issued a policy of insurance to AV, policy UMBNYG280810171-003, effective January 11, 2018, to January 11, 2019 (the "ACE Policy").

23. The ACE Policy was in effect at the time of the Accident.

24. The ACE Policy provides coverage to AV for the Suit.

25. The ACE Policy provides additional insured coverage to BE for the Suit.

26. The ACE Policy provides additional insured coverage to CM for the Suit.

27. ILU issued a policy of insurance to AV, policy CONNYG280836104-003, effective January 11, 2018 to January 11, 2019 (the "ILU Policy").

28. The ILU Policy was in effect at the time of the Accident.

29. The ILU Policy provides coverage to AV for the Suit.

30. The ILU Policy provides additional insured coverage to BE for the Suit.

31. The ILU Policy provides additional insured coverage to CM for the Suit.

32. Chubb North America Claims is managing the claims made on both the ILU Policy and the ACE Policy for the Suit.

## THE CONTRACT

33. On or about July 19, 2017, BE entered into a contract with AV for AV to perform electrical work at a project located at 5959 Broadway, Bronx, NY (the "Contract").

34. The Contract required that AV maintain primary insurance in the amount of $1 million per occurrence and umbrella insurance in the amount of $2 million per occurrence.

35. The Contract required that the insurance AV was required to maintain provide additional insured coverage to CM and BE on a primary and non-contributory basis.

## TENDERS AND RESPONSES

36. By way of a letter dated October 26, 2018, USIC, on behalf of BE and CM, tendered a request to ACE that it provide additional insured coverage to, defend, and indemnify BE and CM for the Accident and in the Suit on a primary and non-contributory basis.

37. By way of a letter dated October 26, 2018, USIC, on behalf of BE and CM, tendered a request to ILU that it provide additional insured coverage to and indemnify BE and CM for the Accident and in the Suit on a primary and non-contributory basis.

38. By way of an email dated January 4, 2019, ACE, through Chubb North America Claims, agreed to defend and indemnify BE and CM on a primary and non-contributory basis for the Accident and the Suit.

39. By way of that same email, ILU, through Chubb North America Claims, asserted that the next layer of coverage for BE and CM was the USIC Policy.

40. By way of that same email, ILU, through Chubb North America Claims, asserted that its policy would then share equally with the Mitsui Policy as the third layer of coverage.

41. Based upon ILU's coverage position, USIC and Mitsui demanded that ACE pay for the institution of a third-party action against AV.

42. ACE, through Chubb North America Claims, refused to pay for said third party action.

43. ACE, through Chubb North America Claims, advised that if USIC and Mitsui would like the third-party action filed, that USIC must pay for the institution of said suit.

## AS AND FOR A FIRST CAUSE OF ACTION

44. USIC and Mitsui repeat, reiterate, and reallege each and every allegation set forth in paragraphs "1" through "43" as though fully set forth therein.

45. ACE, as the first level primary insurer for BE and CM, has a fiduciary obligation to USIC.

46. ACE, as the first level primary insurer for BE and CM, has a fiduciary obligation to Mitsui.

47. ACE, as the first level primary insurer for BE and CM, has a duty to act in good faith towards USIC.

48. ACE, as the first level primary insurer for BE and CM, has a duty to act in good faith towards Mitsui.

49. By way of its agreement to defend, indemnify and provide additional insured coverage to BE and CM on a primary and non-contributory basis, ACE is obligated to pay for and prosecute a third-party action against AV.

50. ACE's refusal to pay for and prosecute that third-party suit places its and ILU's interests above the interests of USIC.

51. ACE's refusal to pay for and prosecute that third-party suit places its and ILU's interests above the interests of Mitsui.

52. ACE's refusal to pay for and prosecute that third-party suit violates its fiduciary obligation to USIC.

53. ACE's refusal to pay for and prosecute that third-party suit violates its and ILU's fiduciary obligation to Mitsui.

54. ACE's refusal to pay for and prosecute that third-party suit is bad faith.

55. As a result, a justiciable controversy exists between ACE and ILU on the one hand and USIC and Mitsui on the other hand, concerning ACE's obligations to USIC and Mitsui.

56. USIC and Mitsui have no adequate remedy at law.

57. USIC and Mitsui therefore respectfully request that this Court render a declaratory judgment pursuant to CPLR § 3001, declaring that ACE must pay for and prosecute a third party action against AV in the Suit.

## AS AND FOR A SECOND CAUSE OF ACTION

58. USIC and Mitsui repeat, reiterate, and reallege each and every allegation set forth in paragraphs "1" through 57" as though fully set forth therein.

59. ACE's refusal to pay for and prosecute a third party action against AV in the Suit damages USIC and Mitusi.

60. ACE's refusal to pay for and prosecute a third party action against AV has resulted in money spent by USIC to prosecute said cause of action.

61. ACE's refusal to pay for and prosecute a third party action against AV exposes the USIC and Mitsui policies.

62. USIC and Mitsui are entitled to damages from ACE arising out of ACE's bad faith.

***WHEREFORE***, UNITED SPECIALTY INSURANCE COMPANY, INC. and MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA demand judgment on their causes of action and money damages, together with costs, disbursements, attorneys' fees and interest, and such other and further relief as this Court may deem just and proper.

Date:  New York, New York
       December 2, 2019

          (Pursuant to Rule 130-1.1-a)
          STONBERG MORAN, LLP
          Attorneys for Plaintiffs
          UNITED SPECIALTY INSURANCE
          COMPANY and MITSUI SUMITOMO
          INSURANCE COMPANY OF AMERICA

By: _____*Sherri Pavloff*_____
      Sherri N. Pavloff
      505 Eighth Avenue, Suite 2302
      New York, New York  10018
      (212) 231-2220
      File No.: 40072

TO:

ACE PROPERTY AND CASUALTY INSURANCE
COMPANY
c/o New York State Department of Insurance

ILLINOIS UNION INSURANCE COMPANY
c/o New York State Department of Insurance